**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

Stevy Carothers et al
on behalf of themselves and others similarly
situated,

                                                                                    Plaintiffs

vs.

United Furniture Industries Incorporated, an
Ohio corporation; United Furniture CA, Inc., a          Case No.: 1:13-cv-00203-DMB-DAS
Mississippi Corporation; United Furniture
Industries NC, LLC, a Mississippi limited
liability company;  Larry George; Douglas                          Defendants
Hanby

## AFFIDAVIT OF TREY DAYES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

1.      I make this Affidavit of my own personal knowledge.

2.      The purpose of this Affidavit is to advise the Court concerning the facts and circumstances

which warrant the conclusion that the proposed attorneys' fee award is fair and a reasonable

resolution of this case.

3.      I have served as lead counsel on numerous cases involving state and federal wage claims,

including claims for failure to pay overtime wages brought under the Fair Labor Standards Act

("FLSA").

4.      I have served as lead counsel in several actions, including this one, which were filed as

collective actions on behalf of those similarly situated as provided under the FLSA.

5.  I am the managing partner of Phillips Dayes National Employment Law Firm PC ("Phillips Dayes"). In connection, with my representation of the Plaintiffs in this matter a long with another partner in the firm, I have supervised the work of associate attorneys and paralegals who are employed by Phillips Dayes.

**6.**  I also reached a co-counsel agreement with Smith, Phillips, Mitchell Scott & Nowak, LLP ("Smith Phillips") in which a partner and an associate of Smith Phillips aided in the prosecution of this matter.

7.  On or about June 2013, I began the representation of Plaintiffs regarding claims alleging that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") by failing to pay them overtime wages for hours worked in excess of forty in a workweek.

8.  This case included motion practice involving Plaintiffs' request for conditional certification and Hoffman-LaRoche notice to current and former employees and other motions.

9.  As of the day of this affidavit, a total of five hundred and individuals opted in this case, all the Named Plaintiffs participated in discovery.

10. During the course of this action, the parties completed extensive discovery. This included the disclosure and review of thousands of pages of pay and time records.

11. I supervised and was lead counsel throughout my entire representation of Plaintiffs. As lead counsel, I was responsible for the day-to-day activities including the preparation of letters and pleadings, overseeing the preparation of disclosures and discovery, preparation of motions, conducting negotiations and the supervision of all other attorneys and staff involved in this case.

12.     Jeffrey Phillips, a partner at Phillips Dayes worked on this matter. Mr. Phillips helped oversee the litigation strategy, attended mediation, and aided in conducting negotiations.

13.     Richard Phillips, a partner at Smith Phillips worked on this matter. Mr. Phillips helped in the administration of the multi-state litigation.

14.     The associate at Phillips Dayes that worked on this matter was Sean Davis.

15.     Mr. Davis has devoted the majority of his practice to employment law matters. Mr. Davis performed legal research, prepared correspondence and drafted motions

16.     The associate at Smith Phillips that worked on this matter was Jason Nabors. Mr. Nabors has devoted the majority of his practice to complex civil litigation and class actions. Mr. Nabors performed legal research, prepared correspondence and drafted motions.

17.     Nasser Abujbarah was a paralegal that worked on this matter. Mr. Abujbarah provided assistance in performing legal research, prepared correspondence, prepared disclosures, assisted with the Case Management Plan, engaged in extensive interviews of the Plaintiffs, prepared spreadsheets reflecting damages, prepared and responded to written discovery, and drafted pleadings.

18.     Amanda Harwell was a paralegal that worked on this matter. Ms. Harwell engaged in extensive interviews of the Plaintiffs.

19.     Ron Foltz was a paralegal that worked on this matter. Ms. Foltz prepared spreadsheets reflecting damages and engaged in extensive interviews of the Plaintiffs.

20.   An overview of the activities involved in the prosecution of this case, including important factual and legal issues requiring extensive analysis, review and preparation include but not limited to the following:

- Before filing the lawsuit, Plaintiffs' legal team conducted extensive interviews and consultations with the Plaintiffs in order to gather background and factual information essential to the case along with identifying, analyzing and reviewing available and supporting documentation;

- Before filing the lawsuit, Plaintiff's legal team conducted extensive research whether Plaintiffs were entitled to overtime wages under the FLSA or whether the work they performed qualified for any FLSA exemption. These were central issues to the case that required frequent research and monitoring as this topic is highly evolving in the legal community nationally and was the basis of extensive initial motion practice in this matter.

- Extensive continuing research was performed on the exemption issues as it was also related to Plaintiffs' contention that the case should proceed as a collective action and was certain to be argued in great detail in anticipated dispositive motions;

- Plaintiffs also conducted extensive research and work on the issue of collective actions under the FLSA, Hoffman-LaRoche notice and the meaning of "similarly situated." These issues were subsequently argued and addressed in Plaintiffs' Motion for Conditional Certification and for Hoffman-LaRoche Notice and response thereto;

- Extensive research, analysis and planning was performed in anticipation of defending a motion to rescind the conditional certification of the collective action, presumably after the close of discovery;

- Extensive research, analysis and planning was performed in defending a motion dismiss the opt-in Plaintiffs;

- The issue of eligibility for liquidated damages was analyzed, investigated, researched and considered;

- The issue of willfulness under the FLSA was analyzed, investigated, researched and considered;

- The issue of proper compensation for piece rate employees under the FLSA;

- The issue of the application of downtime to proper piece rate compensation under the FLSA:

- The issue of what constitutes rounding violations under the FLSA;

- The issue of lunch time violations and off the clock work under the FLSA;

- Thousands of pages of documents were disclosed, exchanged and reviewed.

- Filing for a motion to compel discovery responses;

- The number of hours Plaintiffs worked in excess of forty hours was carefully researched and analyzed; and

- Efforts also included preparing and responding to numerous written discovery requests, preparing of disclosure statements, preparing the Case Management Plan, analysis of volumes of information disclosed by Defendants through voluntary disclosures and discovery responses, preparation of the parties for their depositions and defense of the depositions, preparation for and taking a deposition, extensive analysis, compilation and preparation of spreadsheets for each Plaintiff providing damages projection based on a host of variables, and preparation for settlement discussions.

21.    Counsel for the parties also devoted a meaningful amount of time in negotiations that produced a settlement agreement. Including preparing for and attending an all-day mediation and a subsequent all day settlement conference. The negotiated settlement represents a fair and reasonable compromise of the disputed issues of fact and law and fully and finally resolves the Plaintiffs' FLSA overtime wage claims against Defendants.

22.    The parties considered and negotiated numerous factors to arrive at the agreed upon settlement amounts in recognition of each Plaintiffs' claim for unpaid overtime wages along with Plaintiffs' claims for attorneys' fees and costs.

23.    The parties have agreed to settle this dispute after reaching a reasonable compromise of the issues and a fair and equitable resolution of this matter given the facts of this case and the complex and numerous legal issues involved.

24.    In reviewing the settlement with the Plaintiffs, I also discussed the proposed terms for payment of attorneys' fees and related costs.

25.     Consistent with the Settlement Agreement, Phillips Dayes requests an award of fees and costs that will not exceed 37.5% of the maximum settlement amount. Defendants are not opposing this request.

26.     From the outset, this litigation has involved financial risks for Phillips Dayes as I took this case solely on contingency with no guarantee of recovery of fees or costs.

27.     The time spent on this litigation prevented Phillips Dayes from pursuing other work at the rates reflected in this affidavit. Indeed, Phillips Dayes and Smith Phillips devoted over 1,392 hours to this action.

28.      A fair billing rate of the attorneys and paralegals that provided legal services in this matter have been used to calculate a reasonable attorneys' fee. This rate was $475 per hour for partner level representation; $375 for associate level representation; and paralegal time was billed at $195. These hourly rates are reasonable for attorneys' and paralegals with comparable experience in Mississippi and the Fifth Circuit.

29.      Attached as Exhibit "1" hereto is a true and accurate list containing a description of the legal services performed in connection with this matter by Phillips Dayes, listed by date, time spent, billing rate, and the attorney or paralegal performing the legal service (TRD represents Trey Dayes, JP represents Jeffrey Phillips, SD represents Sean Davis, NA represents Nasser Abujbarah, AH represents Amanda Harwell; and RLF represents Ron Foltz). Where the description of service would reveal attorney work product or privileged information, the description has been modified or redacted to remove the protected information. This record is

based upon individual time entries made by me, Mr. Jeffrey Phillips, Mr. Davis, Mr. Foltz, and Ms. Harwell and Mr. Abujbarah on a daily basis.

30. Attached as Exhibit "2" hereto is a true and accurate list containing a description of the legal services performed in connection with this matter by Smith Phillips, listed by date, time spent, billing rate, and the attorney or paralegal performing the legal service (RTP represents Richard Phillips, and JN represents Jason Nabors). Where the description of service would reveal attorney work product or privileged information, the description has been modified or redacted to remove the protected information. This record is based upon individual time entries made by, Mr. Richard Phillips and Mr. Nabors on a daily basis.

31. The time keeping practices and procedures utilized by Phillips Dayes and Smith Phillips in this case are standard to the law firms and are within its normal business operations.

32. I have personally reviewed the time keeping records of Phillips Dayes and Smith Phillips for this matter. These records contain an accurate compilation of attorney and paralegal time as reflected in Exhibits "1" and "2" and were necessarily expended on behalf of Plaintiffs.

33. I am familiar with the amount of time and effort required to prosecute a claim, and I believe the number of hours reflected in Exhibits "1" and "2" are fair and reasonable for the work required.

34. I am familiar with the rates charged by attorneys and paralegals in matters of this type in the Fifth Circuit and Mississippi. Based on that knowledge, I believe that the billing rates set forth in Exhibits "1" and "2" are fair and reasonable for the work provided and are comparable to those

customarily charged by employment law attorneys and paralegals in Fifth Circuit and Mississippi of comparable experience.

35.    Exhibit "3" is a summary of all attorneys and paralegal time. The reasonable value of the attorneys' fees expended using the hourly rates and not multiplying by a lodestar factor is $473,015.75.

36.    In the course of this litigation, counsel has incurred costs and expenses of $13,168.78. These costs were in the form of legal research, investigation, discovery, travel, service of process on multiple defendants, and administrative costs such as copying, mailing, and messenger expenses. Attached hereto as Exhibit "4" is a true and accurate copy of Phillips Dayes' cost ledger.

37.    Therefore, the lodestar in this case equals $473,015.75, which yields a lodestar cross-check multiplier of 1.228, which is in the lower range of the 1 to 4 multiplier range that Courts in this Circuit and District use in evaluating a fee award.

38.    Given the facts of this case, along with the complexity and numerous legal issues involved, the proposed attorneys' fee award is fair and imminently reasonable.

Dated:  November 15, 2014

/s/ Trey Dayes
Trey Dayes